## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |
|---|---|
| DANIEL BRADSHAW, | ) |
| *Plaintiff,* | ) ) ) Civil No. 1:16-cv-969 ) ) Hon. Liam O'Grady |
| v. | ) |
| NANCY A. BERRYHILL, | ) |
| *Defendant.* | ) |

## ORDER

This matter comes before the Court on Daniel Bradshaw's objections to Magistrate Judge

Davis's Report and Recommendation ("R & R") affirming the Social Security Administration's

denial of Mr. Bradshaw's application for disability insurance benefits (DIB).   The decision of

the Commissioner of the Social Security Administration, Carolyn W. Colvin, to deny benefits,

was based on a finding by an Administrative law Judge ("ALJ") and a decision from the Appeals

Council for the Office of Disability Adjudication and Review that plaintiff was not disabled as

defined by the Social Security Act and applicable regulations.  The R & R affirmed this decision,

finding that the determination was supported by substantial evidence in the record and the correct

legal standards were applied in evaluating the evidence.  After reviewing the R & R, Plaintiff's

objections, and the relevant caselaw, statutes, and regulations, the Court hereby **OVERRULES**

Mr. Bradshaw's objections and **APPROVES** and **ADOPTS** the R & R (Dkt. No. 21) in full.

Specifically, the Court finds that the Fourth Circuit's precedent in *Grant v. Schweiker*

guides the resolution of this case.  699 F. 2d 189 (4th Cir. 1983).  In *Grant*, the Court wrote:

1

> [T]he [SSA] regulations themselves specifically provide that where the claimant's impairment is nonexertional—not manifested by a loss of strength or other physical abilities—or is marked by a combination of exertional and nonexertional impairments, the grids' Rules are not conclusive, and full individualized consideration must be given to all relevant facts of the case. In particular, the regulations note that individualized consideration must be given when nonexertional impairments further narrow the range of jobs available to the claimant, considering his exertional impairments.

*Id.* at 192 (internal citations omitted). As the R & R explains, that individualized consideration is precisely what the ALJ did here, *see* R & R at 11–12 (quoting and discussing AR 76–77), and Plaintiff's Objections do not cite any authority for his proposed deviation from that process.

As such, Plaintiff's motion for summary judgment (Dkt. No. 9) is hereby **DENIED** and Defendant's cross-motion for summary judgment is hereby **GRANTED**. The decision of the Commissioner is therefore **AFFIRMED** and Mr. Bradshaw's case is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Liam O'Grady
United States District Judge

March ___, 2017
Alexandria, Virginia

2